IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Jesse Edward Anderson, | ) | C/A No. 4:23-cv-01131-DCC-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's Motion for Leave to Proceed in Forma Pauperis. ECF No. 3. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("Report") on March 31, 2023, recommending that Plaintiff's Motion for Leave to Proceed in Forma Pauperis be denied. ECF No. 7. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff has not filed objections to the Report, and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the

absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) ("[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" (citation omitted)).

In the Report, the Magistrate Judge recommends denying the Motion for Leave to Proceed in Forma Pauperis based on a three-factor test set forth in *Carter v. Telectron, Inc.*, 452 F. Supp. 939 (S.D. Tex. 1976) (using three legal tests to determine whether a person should proceed in forma pauperis under 28 U.S.C. § 1915). The *Carter* test considers whether a "petitioner is barred from Federal Courts by reason of impecunity"; whether petitioner is blocked access to the courts "by the imposition of an undue hardship"; and whether petitioner is "forced to contribute [her] last dollar, or render herself destitute to prosecute [her] claim. *Carter*, 452 F. Supp. at 943. The Magistrate Judge relied on Plaintiff's lack of undue hardship or destitution in making his recommendation to deny Plaintiff's Motion for Leave to Proceed in Forma Pauperis.

This Court has discretion to grant or deny the Motion for Leave to Proceed in Forma Pauperis. *See Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980). The person seeking to proceed in forma pauperis does not have to show he is completely destitute in order to qualify.  In this case, Plaintiff's Motion does not provide the Court with sufficient evidence of his alleged undue hardship. *See Carter*, 452 F. Supp. at 943. According to Plaintiff's application, he is employed and has a household income of approximately $2,588.00 per month.  ECF No. 3 at 1.  His assets include a home, two vehicles, and an individual retirement account ("IRA"), and therefore, he

should be able to pay his application fee. *Id.* at 2. Thus, Plaintiff should pay the filing fee, and his Motion should not be granted. Accordingly, the Court denies Plaintiff's Motion for Leave to Proceed in Forma Pauperis under 28 U.S.C. § 1915(a).

Upon review of the record, the applicable law, and the findings and recommendations of the Magistrate Judge, the Court finds no clear error and **ADOPTS** the Report. Therefore, Plaintiff's Motion for Leave to Proceed in Forma Pauperis [3] is **DENIED**. Plaintiff shall submit the required filing fee of $402.00 on or before May 5, 2023.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

April 21, 2023
Spartanburg, South Carolina