IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jesse Edward Anderson, ) | C.A. No. 4:23-cv-01131-DCC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Martin O'Malley, ) | |
| Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter comes before the Court on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation ("Report"), which recommended affirming the decision of the Commissioner of Social Security ("Commissioner") and denying Plaintiff's request for remand. ECF Nos. 28, 29. Having considered the briefing, the administrative record, and all relevant law, the Court overrules Plaintiff's Objections and adopts the Magistrate Judge's Report for the reasons that follow.

## **BACKGROUND**

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner's final decision denying his claim for disability insurance benefits ("DIB"). ECF No. 28 at 1. On November 17, 2021, Plaintiff filed for DIB, alleging disability beginning on May 24, 2013, which Plaintiff later amended to June 23, 2016. (R. 448). His application was denied initially and upon reconsideration. (R. 106–07, 110). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on September 10, 2019. (R. 10). The ALJ denied Plaintiff's application in a decision dated

October 8, 2019.  (R. 10–20).  Plaintiff filed a request for review of the ALJ's decision, and the Appeals Council denied the request.  (R. 1–8).  On August 19, 2020, in C.A. No. 4:20-cv-02984-TER, Plaintiff filed an action in this Court.  (R. 548).  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling.  On October 25, 2021, Magistrate Judge Thomas E. Rogers, III, issued his Report recommending that the decision of the Commissioner be remanded.  (R. 547–56).  The ALJ held another hearing on August 10, 2022 and again denied Plaintiff's application on November 28, 2022.  (R. 448, 460).  Plaintiff filed the present action on March 22, 2023.  ECF No. 1.  On January 18, 2024, Magistrate Judge Rogers issued another Report recommending that the decision of the Commissioner be affirmed.  ECF No. 28 at 27.  Plaintiff filed Objections to the Report on February 2, 2024, and on February 6, 2024, Defendant filed a Reply.  ECF Nos. 29, 30.  Accordingly, this matter is ripe for review.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part.  28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act ("the Act") is a limited one.  Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be

2

conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## **DISCUSSION**

Plaintiff objects to the Report by arguing that the Magistrate Judge committed error by "weighing the evidence on behalf of the ALJ to support her dismissal of detailed opinions [of the nurse practitioner] without specific citation to the evidence supporting the dismissal of the opinions" and by ruling that the ALJ's evaluation of Plaintiff's physical impairments is supported by substantial evidence. ECF No. 29 at 4. Plaintiff further asserts "that the ALJ failed to properly evaluate and explain the rejection of the subjective symptoms he alleged." *Id.* at 9.

**I.      Nurse Practitioner Jennifer T. Stutts' ("NP Stutts") Opinions**

The Court will first address Plaintiff's argument that "the Magistrate committed error in weighing the evidence on behalf of the ALJ to support her dismissal of detailed opinions without specific citation to the evidence supporting the dismissal of the opinions." *Id.* at 4. In his initial brief, Plaintiff "argued that the ALJ had failed to adequately weigh and evaluate medical opinions provided by his medical provider, [NP Stutts.]" *Id.* at 1. He contends that the Magistrate Judge must rely on the ALJ's reasoning and is not permitted to reweigh the evidence. *Id.* at 2. Further, Plaintiff asserts that there is substantial evidence to support NP Stutts' medical opinions. *Id.* at 3. Specifically, Plaintiff points to panic attacks he experienced, in addition to treatment and medication he received for various conditions including Attention Deficit Hyperactivity Disorder, concentration problems, "memory problems, panic attacks[,] . . . obsessive behaviors, and mood swings[.]" *Id.* Plaintiff also contends that the Magistrate Judge's reliance on Plaintiff's self-reporting of "doing well" should be treated with caution because "improved functioning while being treated and while limiting environmental stressors does not always mean that a claimant can function effectively in a workplace." *Id.* at 3–4. Plaintiff asserts that caution with respect to his comments related to improvement is appropriate because no medical expert in the present case concluded that he "is capable of working or is prepared to return to work." *Id.* at 4.

In contrast, Defendant contends that the Report "properly upheld the ALJ's finding [under 20 C.F.R. § 404.1520(c)] that NP Stutts' opinions were unpersuasive." ECF No. 30 at 1. Defendant argues that the Magistrate Judge correctly determined that the ALJ's findings related to NP Stutts' opinions—that the opinions were both inconsistent with the record and unpersuasive—is supported by substantial evidence. *Id.* at 2. With respect

to Plaintiff's argument that the Magistrate Judge impermissible reweighed the evidence, Defendant contends that "[t]o the contrary, the [Report] specifically discussed evidence the ALJ considered and evaluated in the written decision." *Id.*

Having reviewed the applicable law and fully considered the arguments and submissions of the parties, the Court finds, upon de novo review, that the Magistrate Judge properly determined that the ALJ did not err in analyzing NP Stutts' opinions. ECF No. 28 at 16. The Magistrate Judge articulated extensive background information and applicable law, and the Court incorporates such by reference. Under 20 C.F.R. § 404.1520c, the ALJ is no longer required to "defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . from [a claimant's] medical sources" for claims filed on or after March 27, 2017, which includes the present case. ECF No. 28 at 7; 20 C.F.R. § 404.1520c(a). The weight an ALJ must afford to each medical opinion is based on several factors: (1) supportability, (2) consistency, (3) relationship with the claimant, which includes length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship, (4) specialization, and (5) other factors. 20 C.F.R. §§ 404.1520c(a), 404.1520c(c)(1)–(5).

Supportability and consistency are the most important factors; however, the ALJ is not required to explain how he or she considered the other factors. 20 C.F.R. § 404.1520c(b)(2). Supportability is evaluated as follows: "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). Consistency is evaluated as follows: "[t]he more consistent

5

the medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) are prior administrative medical finding(s) will be."  20 C.F.R. § 404.1520c(c)(2).

Here, the Magistrate Judge properly affirmed the Commissioner's decision with respect to NP Stutts' opinions.  As an initial matter, the ALJ assessed NP Stutts' opinions, contained in the administrative record. (R. 457). The opinions are stated in two separate letters, the second of which included an attached form titled "Medical Opinion Re: Ability to Do Work-Related Activities (Mental)," (R. 342–45, 755–59).  The first letter, dated May 22, 2018, detailed Plaintiff's psychiatric diagnoses and alleged need for "life-long psychiatric care including frequent medical management appointments, psychotherapy and medication management with prescribed medications."  (R. 342–45).  The second letter, dated January 20, 2022, acknowledged NP Stutts' completion of the "Ability to Do Work Related Activities, mental assessment[.]"  (R. 755).  The assessment evaluated Plaintiff's "mental abilities and aptitude needed to do unskilled work" on a scale of "[u]nlimited or very good" to "[n]one[.]"  (R. 756–59).  NP Stutts assessed some abilities such as "[c]arry out very short and simple instructions" as "[u]nlimited or very good[,]" some abilities such as "[m]ake simple work-related decisions" as "[g]ood[,]" and some abilities such as "[r]emember work-like procedures" as "[f]air[,]" with no ability assessed as below "[f]air[.]"  (R. 756–59).

Plaintiff contends that the Magistrate Judge erred in affirming the Commissioner's decision because the Magistrate Judge impermissibly weighed evidence on behalf of the ALJ.  ECF No. 29 at 4.  While the ALJ found NP Stutts' opinions to be unpersuasive

6

because they were inconsistent with the record, (R. 457), without articulating "what objective medical evidence did not support the opinions," the Magistrate Judge properly upheld the ALJ's evaluation because he acknowledged the evidence that the ALJ relied on in assessing the opinions. *Id.* at 11–16. Specifically, as noted by the Magistrate Judge, the ALJ relied, in part, on Plaintiff's statements and numerous exhibits, including but not limited to, an Intake Assessment dated June 23, 2016; Progress Notes dated September 20, 2016, November 15, 2016, and December 28, 2016; Progress Notes dated August 20, 2018; and orthopedic notes dated June 14, 2019. (R. 312–14, 319–20, 323–26, 386–88, 847). The Magistrate Judge did not reweigh the evidence as Plaintiff suggests but discussed the evidence that the ALJ considered and evaluated. Accordingly, the Court overrules Plaintiff's objection that "the Magistrate committed error in weighing the evidence on behalf of the ALJ to support her dismissal of detailed opinions without specific citation to the evidence supporting the dismissal of the opinions." ECF No. 29 at 4.

II.     **Plaintiff's Physical RFC[1] Assessment**

Plaintiff contends he did not have to prove total physical disability to be approved for DIB. ECF No. 29 at 4. Given his age during the period under review—in his 60s—Plaintiff argues that the ALJ could only find him to be not disabled if the ALJ found him capable of performing medium work, which the ALJ did not find. *Id.* at 4–5. Further, Plaintiff asserts that "the ALJ failed to acknowledge and properly evaluate the severity of his knee condition." *Id.* at 5. Specifically, Plaintiff argues that the ALJ described his knee condition as mild in the hearing decision but that in actuality both knees had very

---

[1] RFC is otherwise known as residual functional capacity.

7

significant conditions, which allegedly existed for years.  *Id.* at 5–6.  To support his argument, Plaintiff relies on medical evidence—Magnetic Resonance Imaging ("MRIs")—that allegedly indicate that he suffered from significant knee problems.  *Id.* at 6–7.  Plaintiff contends that the ALJ should have assessed "whether there was sufficient evidence to support [his] claims [that] his knee impairments had become significantly limiting before the DLI[2] in 2018" because his allegedly significant knee conditions "relate[] back prior to the DLI[.]"  *Id.* at 7.  Moreover, Plaintiff argues that the Magistrate Judge erred "by noting that the ALJ stated in general terms that there was a DLI and that medical evidence has been evaluated with this in mind."  *Id.*  As a result, Plaintiff contends that the ALJ's findings are not reviewable because the findings are not articulated in the hearing decision.  *Id.*

In contrast, Defendant argues that the Magistrate Judge "properly found the ALJ's discussion of evidence dated 2019 and 2022 supported her statement that she had considered the full record for the period under consideration and that records after the DLI . . . had been reviewed and considered to the extent they related back to the relevant period."  ECF No. 30 at 3.  Defendant also contends that the Magistrate Judge correctly found Plaintiff's physical RFC assessment to be supported by substantial evidence.  *Id.*  He points to evidence that the ALJ relied on to support her findings including medical records dated as early as 2013, "the effectiveness of treatment, diagnostic and clinical test results, and the state agency medical experts' findings of no severe medically determinable physical impairments."  *Id.*

Having reviewed the applicable law and fully considered the arguments and submissions of the parties, the Court finds, upon de novo review, that the Magistrate

---

[2] DLI is otherwise known as date last insured.

Judge properly determined that the ALJ supported its RFC findings related to Plaintiff's physical impairments with substantial evidence. ECF No. 28 at 21. "[A]n RFC assessment is a separate and distinct inquiry from a symptom evaluation[.]" *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021). An administrative law judge or administrative appeals judge "is responsible for assessing [a claimant's] residual functional capacity." 20 C.F.R. § 404.1546(c). "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). In addition, "[t]he adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." *Id.* The Fourth Circuit has "held that '[a] necessary predicate to engaging in substantial review is a record of the basis for the ALJ's ruling,' including 'a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence.'" *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013)).

Here, the Magistrate Judge properly affirmed the Commissioner's decision with respect to Plaintiff's physical RFC assessment. As an initial matter, the ALJ did not ignore the issue of DLI and linkage. "[M]edical evidence that post-dates a claimant's DLI may be considered where it is relevant to prove disability prior to that date." *Emrich v. Colvin*, 90 F. Supp. 3d 480, 485 (M.D.N.C. 2015). "[P]ost-DLI medical evidence generally is admissible . . . in such instances in which that evidence permits an inference of linkage with the claimant's pre-DLI condition." *Id.* (quoting *Bird v. Comm'r of Soc. Sec. Admin.*,

9

699 F.3d 337, 341 (4th Cir. 2012).  As the Magistrate Judge properly acknowledged, the ALJ noted that she "reviewed the medical records for treatment before and after the date last insured [of December 31, 2018], and . . . considered effects from impairments that can . . . reasonably be related back to the period prior to the date last insured."  ECF No. 28 at 19 (citing (R. 455)).  Medical records the ALJ relied on include "treatment records indicat[ing] [Plaintiff] twisted [his] left knee in 2013" and treatment records "indicat[ing] that continued injections helped improve [Plaintiff's] knee function, stating that the claimant was 'minimally symptomatic' by 2019."  (R. 455); *see also Parker v. Berryhill*, 733 F. App'x 684, 687 (4th Cir. 2018) (stating that "only when a 'linkage' is found between the DLI condition and the post-DLI condition is [post-DLI] evidence relevant").  Such evidence also supports the Magistrate Judge's finding that the ALJ's evaluation of Plaintiff's RFC assessment related to physical impairments is supported by substantial evidence.  Accordingly, the Court overrules Plaintiff's objection that "the ALJ failed to acknowledge and properly evaluate the severity of [Plaintiff's] knee condition."  ECF No. 29 at 5.

### III.     Plaintiff's Subjective Complaints

As a threshold matter, Plaintiff does not raise any Objections to the Report concerning his subjective complaints.[3]  *See* ECF No. 29 at 9.  Instead, Plaintiff asserts "that the ALJ failed to properly evaluate and explain the rejection of the subjective

---

[3] In the absence of a specific objection, courts are instructed to review for clear error.  Defendant has not requested a review for clear error.  Given that both parties have fully briefed this issue, the Court will conduct a de novo review and will consider Plaintiff's argument to have been directed at the Magistrate Judge's discussion of this issue in the Report.  Counsel for Plaintiff is reminded that he is not entitled to liberal construction and should clearly object to the Report in the future rather than rehash arguments made to the Magistrate Judge.

symptoms [Plaintiff] alleged." *Id.* Plaintiff contends that the ALJ failed to fully acknowledge "the qualifying nature of [Plaintiff's] activities and how severely he alleged his symptoms limited him." *Id.* To support his argument, he argues that the ALJ provided a list of his activities without considering testimony that indicated "how and under what circumstances he was able to perform those activities[.]" *Id.* at 13. For example, Plaintiff points to his allegations related to experiencing anxiety, panic attacks, and Obsessive-Compulsive Disorder behavior, which he argues "would reasonably be expected to cause him to have periods where he would be off task" despite the ALJ not including any "provision for time off task or absenteeism in the RFC findings[.]" *Id.*

In contrast, Defendant incorporates arguments concerning the ALJ's evaluation of Plaintiff's subjective complaints from his Memorandum in Support of the Commissioner's Decision and in Response to Plaintiff's Brief into his Reply. ECF No. 30 at 4. Defendant contends that the ALJ properly evaluated the Plaintiff's subjective complaints. ECF No. 25 at 20. Specifically, Defendant argues that the "[t]he ALJ['s] [finding] that Plaintiff's treatment history and the objective physical and mental status findings were not entirely consistent with his subjective complaints[,]" is supported by the evidence. *Id.* at 21, 23. Defendant points to the evidence that the ALJ relied on to reach her conclusion including but not limited to Plaintiff's symptoms improving with a medicated regime, objective testing that revealed mild degenerative joint disease of the knee, and Plaintiff's self-reporting of "doing well" and "feeling stable[.]" *Id.* at 21–22.

Having reviewed the applicable law and fully considered the arguments and submissions of the parties, the Court finds, upon de novo review, that the Magistrate Judge properly determined that "the ALJ conducted a proper evaluation of [Plaintiff's]

11

subjective symptoms[.]" ECF No. 28 at 26–27.  Subjective complaints are evaluated in two steps:

> First, the ALJ looks for objective medical evidence showing a condition that could reasonably produce the alleged symptoms.  Second, the ALJ must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's ability to perform basic work activities.  The second determination requires the ALJ to assess the credibility of the claimant's statements about symptoms and their functional effects.

*Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017) (citing 20 C.F.R. §§ 404.1529(b), 416.929(b), 404.1529(c), 416.929(c), 404.1529(c)(4), 416.929(c)(4)).  The ALJ evaluates "[t]he intensity, persistence, and limiting effects of [a claimant's] symptoms" based on the objective medical evidence, "statements from the individual, medical sources, any other sources . . . as well as the factors[4] set forth in [the] regulations."  SSR 16-3p, 2017 WL 510304, at *5–6 (Oct. 25, 2017).  The ALJ may reject a claimant's subjective complaints

---

[4] The other factors include:

1. Daily activities;
2. The location, duration, frequency, and intensity of pain or other symptoms;
3. Factors that precipitate and aggravate the symptoms;
4. The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms;
5. Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms;
6. Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
7. Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

SSR 16-3p, WL 2017 5180304, at * 7–8.

but must explain which of the claimant's subjective complaints he or she found "consistent or inconsistent with the evidence in [the] record and how [his or her] evaluation of the individual's symptoms led to [his or her] conclusions." *Id.*, at *8. In addition:

> Although a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective medical evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges she suffers[.]

*Craig v. Chater*, 76 F.3d 585, 595 (4th Cir. 1996).

Here, the Magistrate Judge properly affirmed the Commissioner's decision with respect to Plaintiff's subjective complaints. The ALJ found "[Plaintiff's] statements about the intensity, persistence, and limiting effects of his symptoms to be inconsistent with the objective evidence contained in the record, and his own statements regarding his level of activity." (R. 456). As the Magistrate Judge noted, the ALJ evaluated "the intensity, persistence, and limiting effects" of Plaintiff's subjective complaints based, in part, on the factors discussed above. ECF No. 28 at 26. Specifically, the ALJ reviewed the first factor—daily activities—by stating that "[Plaintiff] is capable of looking after his grandson by transporting him to school" and that "[Plaintiff] enjoyed hobbies . . . such as running errands for family members and maintaining cars with his hobby of drag racing," (R. 456), the second and third factors by discussing Plaintiff's reported symptoms throughout the entire opinion, (R. 448–60), the third factor by stating that "[Plaintiff] admit[s] that he no longer takes medication to control the mental impairment symptoms he complains prevents performance of substantial gainful activity[,] *id.*, and the fourth and fifth factors by discussing the treatment that Plaintiff received, (R. 455). Further, the ALJ evaluated

13

Plaintiff's subjective complaints based on the objective medical evidence. *See* (R. 455). Accordingly, the Court overrules Plaintiff's objection "that the ALJ failed to properly evaluate and explain the rejection of the subjective symptoms [Plaintiff] alleged." ECF No. 29 at 9.

## CONCLUSION

For the reasons set forth above, the Court **ADOPTS** the Report, **OVERRULES** Plaintiff's Objections, and **AFFIRMS** the decision of the Commissioner.

IT IS SO ORDERED.

                                         s/ Donald C. Coggins, Jr.
                                         United States District Judge

March 12, 2024
Spartanburg, South Carolina